IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| AARON MARTINEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-087 |
| | ) | |
| T. WHEATON, Unit Manager; | ) | |
| K. SPIRES, Marshall Unit Manager; | ) | |
| J. ECKLES, Marshall Unit Manager; | ) | |
| YODY JANCEY; Chief of Unit | ) | |
| Management; and STACEY N. STONE, | ) | |
| Warden, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at McRae Correctional Facility in McRae, Georgia, commenced the above-captioned civil rights case. He is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On October 20, 2015, the Court denied Plaintiff's IFP motion due to his prison account containing approximately $1000 and ordered him to submit the filing fee within twenty-one days. (Doc. no. 3.) Plaintiff was cautioned that failure to remit the filing fee would result in his case being dismissed without prejudice. (See doc. no. 10.) The time to respond has passed and Plaintiff has not remitted the filing fee.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape

Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Local Rule 4.2(2) also provides that if the filing fee is not paid within twenty-one days of the denial of an IFP petition, the civil action will be dismissed. Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court ordered Plaintiff to submit the filing fee and it warned Plaintiff that, in the event he failed to do so, it would recommend dismissal of his case, without prejudice. (See doc. no. 3, p. 2.) Plaintiff's failure to comply with the terms of that Court Order, or even to provide the Court with an explanation for his failure to submit the filing fee, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.  See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice.  It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice under Loc. R. 41.1 for want of prosecution and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of December, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA